UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

      -vs-                                    **ORDER**
                                              **No. 6:06-cv-06353(MAT)**
PITTSFORD CAPITAL INCOME PARTNERS,
L.L.C., PITTSFORD INCOME PARTNERS
II, L.L.C., PITTSFORD INCOME
PARTNERS III, L.L.C., PITTSFORD
INCOME PARTNERS IV, L.L.C.,
PITTSFORD INCOME PARTNERS V,
L.L.C., JEFFERSON INCOME PARTNERS,
L.L.C., PITTSFORD CAPITAL, L.L.C.,
PITTSFORD CAPITAL MORTGAGE
PARTNERS, L.L.C., PITTSFORD CAPITAL
GROUP, INC., MARK PALAZZO, and
EDWARD TACKABERRY,

                              Defendants,

      and

COMMUNICATE WIRELESS, LLC,
MONROE WIRELESS, LLC, and
MICHAEL LATINI,

                  Relief Defendants.

      The Securities and Exchange Commission ("SEC" or "Plaintiff")
commenced this emergency action to halt an alleged ongoing
securities fraud by filing its Complaint on July 14, 2006, alleging
violations of 17(a) of the Securities Act of 1933, 15 U.S.C.
77q(a), and Section 10(b) of the Securities Exchange Act of 1934,
15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. Also
July 14, 2006, the Court granted Plaintiff's request for an Order
to Show Cause, a Temporary Restraining Order, and an Order Freezing

Assets. In addition, the Court appointed Lucien Morin, II, Esq., as the Receiver.

On July 24, 2006, the Court entered a Preliminary Injunction and Order Freezing Assets and Other Relief. On August 23, 2007, the Court entered a Decision and Order granting the Plaintiff's motion for summary judgment as to defendants Edward Tackaberry ("Tackaberry") and Mark Palazzo ("Palazzo"). Among other things, the Court found that Palazzo and Tackaberry were jointly and severally liable for disgorgement of $11,725,294.82, which represented the proceeds of their fraudulent conduct, together with prejudgment interest of $14,028,728.07, for a total of $25,754,022.90. Tackaberry and Palazzo each were ordered pay a civil penalty of $75,000. Final Judgment was entered as to these defendants on August 30, 2007 (Dkt #112). The disgorgement monies were directed to be paid into the Court Registry Investment System ("CRIS") account, along with the prejudgment interest, all of which was to be held pending further order of the Court.

On July 15, 2008, the Court dismissed the claims against the Relief Defendants. Also on on July 15, 2008, the Court entered a Final Consent Judgment as to defendants Pittsford Capital Income Partners, L.L.C., Pittsford Capital Income Partners II, L.L.C., Pittsford
Capital Income Partners III, L.L.C., Pittsford Capital Income Partners IV, L.L.C., Pittsford Capital Income Partners V, L.L.C.,

Jefferson Income Partners, L.L.C., Pittsford Capital, L.L.C., Pittsford Capital Mortgage Partners, L.L.C., and Pittsford Capital Group, Inc. Dkt.

On November 16, 2009, the Court entered an Order Approving Receiver's Proposed Distribution Plan.

On July 26, 2010, the Court entered Writs of Garnishment against, inter alia, defendants Palazzo and Tackaberry. On December 8, 2010, the Court entered an Order Setting Amounts of Payments Per Writs of Garnishment.

On October 20, 2014, the Court entered an Order Appointing Tax Administrator. On September 10, 2015, Plaintiff filed a Motion to Pay Fees of Tax Administrator, which the Court granted on October 6, 2015.

On December 1, 2015, Plaintiff filed a Motion for Disbursement of Funds to Pay Tax Obligations, which the Court granted on December 2, 2015.

On December 15, 2015, Plaintiff filed an unopposed Motion (Dkt #176) Requesting Entry of an Order, inter alia, (1) transferring funds on deposit with the Clerk of the Court to the Receiver; (2) authorizing the Receiver to make a final distribution of funds to eligible claimants; (3) authorizing the SEC, upon receipt of the remaining funds from the Receiver, to pay the fees and expenses of the Tax Administrator and to remit the balance to the United States Treasury; and (4) discharging the Tax

-3-

Administrator upon payment. In the supporting declaration (Dkt #176-1), Plaintiff indicates that following the transfer of the funds in the CRIS account to the Receiver, the Receiver will make a final distribution to the Eligible Claimants and will then prepare and submit a final report and account to the Court, which would also provide for the fees of the Receiver. See Dkt #176-1, ¶¶ 16-17. At that time, the Receiver will transfer any remaining funds to Plaintiff, and these funds will be remitted to the United States Treasury. See id., ¶ 17. Plaintiff requests that the Court order any future payments under the Final Judgment be made to Plaintiff, to be remitted to the United States Treasury. Id., ¶ 18.

There being no opposition to the motion, and there appearing no reason why Plaintiff's requests should not be granted, the Court **grants** Plaintiff's motion (Dkt #176) in its entirety. Accordingly, it is hereby

**ORDERED**, that that the Clerk of the Court is directed to transfer to the Receiver all funds now on deposit in the CRIS account in this action; and it is further

**ORDERED**, that the Receiver shall make a final distribution of funds to Eligible Claimants; and it is further

**ORDERED**, that after distributing the funds to the Eligible Claimants, the Receiver shall file a final report and account with the Court; whereupon the Court will determine the Receiver's fee

and order it to be paid out of the funds in the Receiver's account; and it is further

**ORDERED**, that the funds remaining after payment of the Receiver's fee shall be transferred to the SEC; and it is further

**ORDERED**, that upon receipt of such funds, the SEC's Office of Financial Management shall pay from such funds the fees and expenses of the Tax Administrator appointed by the Court, and the SEC shall report to the Court when such fees and expenses have been paid; and it is further

**ORDERED**, that following the payment of the fees and expenses of the Tax Administrator, the SEC's Office of Financial Management shall remit all remaining funds to the United States Treasury; and it is further

**ORDERED**, that any future payments made on the Final Judgment entered in this action by defendants Mark Palazzo and Edward Tackaberry shall be made, not to the Clerk of the Court, but instead as follows:

- Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.
- Alternatively, Defendants may make payment directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

- Alternatively, Defendants may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission, which shall be delivered or mailed to the following address:

  > Enterprise Services Center
  > Accounts Receivable Branch
  > 6500 South MacArthur Boulevard
  > Oklahoma City, OK 73169

Such payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to the Final Judgment. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action at the following address:

> Securities and Exchange Commission
> 3 World Financial Center
> New York, NY 10281

By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The SEC shall send the funds paid pursuant to the Final Judgment to the United States Treasury. It is further

**ORDERED**, that all other provisions of the Final Judgment entered in this action against the Defendants shall remain in full force and effect.

**ALL OF THE ABOVE IS SO ORDERED.**


S/Michael A. Telesca

_____

HON. MICHAEL A. TELESCA
United States District Judge

DATED:     Rochester, New York
           January 26, 2016